IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUNCAN McNEIL, III, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 05-458-DRH |
| | ) |
| THE UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This action comes before the Court on Plaintiff's complaint pursuant to various federal statutes.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that Plaintiff's complaint does not comply with Rule 8. Plaintiff has not stated any factual allegations in his complaint. He merely lists a number of "breaches" of "duties" by the Defendants, but does not provide any factual background by which the Court and Defendants might understand the nature of his claims. Furthermore, Plaintiff states that he is currently incarcerated in a county jail in Spokane, Washington, and he does not explain in any way how this Court might come

to have jurisdiction over his claims.  Plaintiff's explanation of the Defendants' numerous breaches of their official duties does not provide "a short and plain statement" of the claim.  Proceeding with the instant complaint also "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **STRICKEN** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure.  Plaintiff is **GRANTED** leave to refile his complaint in compliance with this Memorandum and Order within **THIRTY (30) DAYS** of entry of this Memorandum and Order.  Should Plaintiff wish to refile his complaint within the allotted time, *it is strongly recommended that he use the forms designed for use in this District* for such actions.

**IT IS FURTHER ORDERED** that any new complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, and the actions alleged to have been taken by that defendant.

**IT IS FURTHER ORDERED** that any new complaint filed by Plaintiff that is not in strict compliance with this order shall be **STRICKEN**.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to refile his complaint in strict compliance with this Memorandum and Order,  this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:  July 5, 2005**

/s/   David R Herndon
**DISTRICT JUDGE**